**Matthew PEKRUN, Plaintiff,**

v.

**Theordore PUENTE, Defendant.**

**Case No. 13-C-1397**

United States District Court, E.D. Wisconsin.

Signed September 29, 2016

Arthur Loevy, Elizabeth Mazur, Heather Lewis Donnell, Joel Feldman, Jonathan I. Loevy, Roshna B. Keen, Theresa Kleinhaus, Loevy & Loevy, Chicago, IL, Robin Shellow, The Shellow Group, Milwaukee, WI, for Plaintiff.

Jan A. Smokowicz, Susan E. Lappen, Milwaukee City Attorney's Office, Milwaukee, WI, for Defendant.

## DECISION AND ORDER

Lynn Adelman, District Judge

In this case, Matthew Pekrun alleges that Theodore Puente, a police officer for the City of Milwaukee, used excessive force during the course of an arrest. Pekrun seeks damages against Puente in his individual capacity under 42 U.S.C. § 1983. The case is set for trial, and before me now is Pekrun's motion to clarify the court's earlier oral rulings on the parties' motions in limine relating to the method by which the plaintiff may prove the reasonable value of the medical care made necessary by Puente's use of force.

Before the final pretrial conference, the defendant filed a motion in limine seeking to exclude any evidence of the cost of the plaintiff's medical care on the ground that the plaintiff did not identify an expert witness to opine on the reasonableness of the cost of that care. At the final pretrial conference, I denied the motion in an oral ruling, reasoning that the Seventh Circuit has held that a plaintiff may prove the reasonableness of the cost of medical care by introducing evidence that the medical bills have been paid. *See Town of East Troy v. Soo Line R.R. Co.*, 653 F.2d 1123, 1133–34 (7th Cir.1980).

My earlier ruling assumed that the plaintiff intended to submit evidence of the paid bills to prove the reasonableness of the cost of his care. However, the plaintiff now contends that he may prove the reasonableness of the cost of his care by submitting evidence of the total amounts that his providers charged, rather than the amounts that were paid. The plaintiff's medical bills were paid by BadgerCare, which is a state health-care program for low-income residents. The plaintiff's providers billed the plaintiff a total of $130,029.32. Ultimately, however, Badger-Care paid only $23,398.01 of this amount, and the plaintiff's providers agreed to accept that amount as payment in full. The plaintiff contends that he may introduce evidence of the total charges and ask the jury to award him $130,029.32 as the reasonable cost of the medical care made necessary by the defendant's use of force. The defendant contends that the plaintiff is limited to asking the jury to award the amount that BadgerCare actually paid.

The plaintiff argues that limiting his request to the amount paid would violate the collateral-source rule, which states that a plaintiff's recovery cannot be reduced by the fact that all or part of his loss was paid by a third party, such as an insurance company. *See ADM Investor Servs., Inc. v. Collins*, 515 F.3d 753, 755 (7th Cir.2008). However, whether the plaintiff may seek the full amount charged by his providers rather than only the amount paid by BadgerCare has nothing to do with the collateral-source rule. Rather, the issue is whether the plaintiff can carry his burden to prove the reasonable value of the medical care he received by submitting evidence of the submitted charges, rather than either expert testimony as to the reasonable value of his care or evidence of paid bills.

The method for proving the reasonableness of the cost of medical care arises frequently in personal injury cases

brought under state tort law, and the states have taken different approaches. *See* L.C. DiStasi, Jr., *Necessity and sufficiency, in personal injury or death action, of evidence as to reasonableness of amount charged or paid for accrued medical, nursing, or hospital expenses*, 12 A.L.R.3d 1347 (1967). The rule in many states is that the plaintiff may prove the reasonable value of his care either through expert testimony or by submitting evidence of paid bills. *See, e.g., Stanley v. State*, 197 N.W.2d 599, 606–07 (Iowa 1972). Many states have also concluded that "[t]he amount charged, without payment, is not evidence of the propriety of the charges." *Id.* However, other states, either by statute or common law, allow a plaintiff to introduce evidence of the charges, even if they are unpaid, as evidence of the reasonable value of the cost of his care. *See* DiStasi, *supra*, at § 4. Wisconsin is one of these states. In 2009, a statute went into effect that provides as follows: "Billing statements or invoices that are patient health care records are presumed to state the reasonable value of the health care services provided and the health care services provided are presumed to be reasonable and necessary to the care of the patient." Wis. Stat. § 908.03(6m)(bm). The statute goes on to specify that "[a]ny party attempting to rebut the presumption of the reasonable value of the health care services provided may not present evidence of payments made or benefits conferred by collateral sources." Thus, if the present action were a personal injury action arising under Wisconsin law, the plaintiff would be allowed to prove the reasonableness of the cost of his medical care by submitting proof of the amount that his providers billed, rather than the amount that was paid.

This case is not a personal injury action arising under Wisconsin law. It is a civil-rights case arising under federal law, spe-

cifically 42 U.S.C. § 1983. However, § 1983 and the other federal civil-rights acts "do not contain every rule of decision required to adjudicate claims asserted under them." *Burnett v. Grattan*, 468 U.S. 42, 47, 104 S.Ct. 2924, 82 L.Ed.2d 36 (1984). Congress recognized this, and in 42 U.S.C. § 1988(a), it "directed federal courts to follow a three-step process to borrow an appropriate rule." *Id.* First, courts are to look to the laws of the United States "so far as such laws are suitable to carry [the civil and criminal civil rights statutes] into effect." *Id.* at 48, 104 S.Ct. 2924. If no suitable federal rule exists, courts undertake the second step by considering application of state "common law, as modified and changed by the constitution and statutes" of the forum state. *Id.* A third step asserts the predominance of the federal interest: courts are to apply state law only if it is not "inconsistent with the Constitution and laws of the United States." *Id.*

 Applying this three-step process, I conclude that I must borrow Wisconsin's rule for proving the reasonable value of medical care. First, neither the parties nor I have been able to locate any federal rule for proving the reasonable value of medical care.[1] Thus, under the second step, I look to Wisconsin law, which, as noted, provides that the amount billed is presumed to be the reasonable value of the care. Finally,

under the third step, I consider whether applying the state rule would be inconsistent with the Constitution and laws of the United States. I can see no reason why it would be, and therefore I will borrow Wisconsin's rule. Accordingly, at trial, the plaintiff may introduce evidence of the amount of the charges submitted by his medical providers, *i.e.*, $130,029.32, to prove the reasonable value of the cost of the medical care made necessary by the defendant's use of force. In attempting to rebut the presumption created by Wis. Stat. § 908.03(6m)(bm), the defendant may not introduce evidence of the amount paid by BadgerCare or the amounts "written off" by the providers.

For the reasons stated, **IT IS OR-DERED** that the plaintiff's motion to clarify is **GRANTED**.

---

**1.** The defendant points out that, under federal law, expert testimony may be required for matters that are beyond the understanding of a lay juror. *See, e.g., United States v. King-Vassel*, 728 F.3d 707, 712 (7th Cir.2013). Based on this general rule, the defendant argues that, under federal law, the only way to prove the reasonable value of medical care is through expert testimony. However, the defendant has not cited, and I have not found, any cases applying the general rule in this fashion. In the only case cited by the defendant on this point, the district court in a § 1983 case applied the forum state's law, under which evidence of paid medical bills

qualified as evidence of the reasonable value of medical care. *See Battle v. O'Shaughnessy*, No. 11–C–1138, 2012 WL 4754747, at *4 (N.D.Ill. Oct. 4, 2012). The court did not conclude that federal law requires expert testimony to prove the reasonable value of medical care. Rather, it merely recognized that, under Illinois law, expert testimony is needed to prove the reasonableness of an *unpaid* bill. Thus, I conclude that the general rule requiring expert testimony on matters beyond the understanding of a lay juror does not supply a federal rule of decision for proving the reasonable value of medical care.